COPY

**AO 241**
(Rev. 12/04)

0 7 - 8 1 2

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Delaware |
|---|---|

| Name (under which you were convicted): EMILIANO VAZQUEZ | Docket or Case No.: 0605015610-R1 |
|---|---|

| Place of Confinement: Sussex Correctional Inst. | Rte. 113, P.O. Box 500 Georgetown, DE | Prisoner No.: 00181646 |
|---|---|---|

| Petitioner (include the name under which you were convicted) EMILIANO VAZQUEZ | v. | Respondent (authorized person having custody of petitioner) MICHAEL E. DELOY, WARDEN |
|---|---|---|

| The Attorney General of the State of Delaware |
|---|

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:
NEW CASTLE COUNTY - SUPIRIOR COURT.

     (b) Criminal docket or case number (if you know): 0605015610-R1

2.    (a) Date of the judgment of conviction (if you know): FEBRUARY 13, 2007

     (b) Date of sentencing: April 20, 2007

3.    Length of sentence: 25 YEARS  SUSPENDED AFTER 10 YEARS MINUMUM MANDATORY

4.    In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes    ☑ No

5.    Identify all crimes of which you were convicted and sentenced in this case: TRAFFICKING 10-50 GRAMS HEROINE

6.    (a) What was your plea? (Check one)

        ☐ (1)    Not guilty        ☐ (3)    Nolo contendere (no contest)

        ☑ (2)    Guilty            ☐ (4)    Insanity plea

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)    ☐ Jury    ☐ Judge only    N/A

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☐ Yes    ☑ No

9.    If you did appeal, answer the following:

(a) Name of court:    N/A

(b) Docket or case number (if you know):    N/A

(c) Result:    N/A

(d) Date of result (if you know):    N/A

(e) Citation to the case (if you know):    N/A

(f) Grounds raised:    N/A

(g) Did you seek further review by a higher state court?    ☐ Yes    ☐ No    N/A

If yes, answer the following:

(1) Name of court:    N/A

(2) Docket or case number (if you know):    N/A

(3) Result:    N/A

(4) Date of result (if you know):    N/A

AO 241
(Rev. 12/04)

Page 4

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: New Castle County Supirior Court.

(2) Docket or case number (if you know): 0605015610 - R1

(3) Date of filing (if you know): June 12, 2007

(4) Nature of the proceeding: Withdrawn Plea / Rule *61

(5) Grounds raised: Inefective Assistance of Counsel, Inducement to take Plea, Medical Treatment.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  ☐ Yes  ☒ No

(7) Result: Denied

(8) Date of result (if you know): August 28, 2007

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: New Castle County Superior Court.

(2) Docket or case number (if you know): 0605015610-R1

(3) Date of filing (if you know): June 12,07

(4) Nature of the proceeding: Motion for Modification

(5) Grounds raised: Medical Treatment, Remorse, Post Release Plan, Excessive Sentence.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Denied

(8) Date of result (if you know): Unknown

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No     *N/A*

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ☐ Yes   ☑ No

(2) Second petition:   ☐ Yes   ☑ No

(3) Third petition:     ☐ Yes   ☐ No  *N/A*

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: I RECIEVE A DENIAL FOR MY RULE 61 MOTION FROM SUPERIOR COURT. I DIDN'T KNOW THAT I COULD APPEAL, THIS DICISION TO A HIGH COURT, SUCH AS SUPRIME COURT. BUT SCENSE I RECIEVE A DENIAL FROM SUPERIOR COURT ON 8-20-07. I DIDN'T KNOW OR NOBODY EXPLAIN TO ME THAT I ONLY HAD 30 DAYS TO APPEAL THE SUPIRION COURT DECISION TO THE SUPRIME COURT.

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: COERCED CONFESSION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

ON THE DAY OF MY ARREST I WAS TOLD BY DET. DANNY SILVA TO ANSWER ALL THE QUATION ONCE WE ENTER THE INTERVIEW ROOM. I DIDN'T SEEM NO HARM, BEING THAT I WORK FOR DET. SILVA. I TOLD HIM THAT I WAS HIGH ON HEROINE, AND THAT I DIDN'T FEEL GOOD BECAUSE I HAD DONE (8) BAGS OF HEROINE, AND Mr. SILVA TOLD ME THAT AS SOON AS I DO THIS INTERVIEW is DONE, THE SOON I GO HOME. HE KNEW THAT THE DRUGS WAS N'T MINE, BUT BECAUSE, I DIDN'T TOLD HIM HE WAS MAD, AND CHARGE ME WITH THEM.

I TOLD MY ATTORNEY THAT I DON'T REMEMBER WHAT I SAID ON THAT DAY. I ASK MY ATTORNEY TO INVESTIGATE THAT I WAS A PAID INFORMANT, FOR Mr. SILVA. I ALSO TOLD HIM THAT THOSE DRUGS WASN'T MINE, BUT A GUY NAME ALEX WILGH. Mr. SILVA KNEW HIM. I ALSO TOLD MY ATTORNEY TO CHECK WITH THE BRANDYWINE COUNSELING THAT I WAS A CLINT THERE, WITH THE METHADONE CLINIC. BUT HE FAIL TO HELP ME. ALL HE WATED WAS TO GIVE INFORMATION ABOUT SOME OTHER INDIVIDUAL WITCH I DID. AND ONCE AGAIN I WAS TRICK BY FOR ME, MY ATTORNEY AND Mr. SILVA.

(b) If you did not exhaust your state remedies on Ground One, explain why:

I SUBMITTED A POST CONVICTION MOTION TO THE SUPERIOR COURT ON THE ABOVE MATTER ON AUGUST 10, 07. IT WAS DENIDE ON AUGUST 28, 07. THE REASON I DIDN'T APPEAL TO THE SUPRIME COURT WAS BE CAUSE.

1. I WAS TRANSFER TO ANOTHER INTITUTION. 2. It took this INTITUTION A 1½ MONTHS TO PUT MY NAME ON THE LAW LABRARY LIST.

I DIDN'T KNOW THAT I HAD 30 DAYS TO APPEAL TO THE SUPREAM COURT FROM THE DAY I WAS DENIDE. I WAS NEVER TOLD BY THE COURTS OR MY ATTORNEY, I FIND OUT IN THE LAW LABRARY ABOUT THE 30 DAYS.

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Post Conviction Motion

Name and location of the court where the motion or petition was filed:
New Castle County Superior Court.

Docket or case number (if you know):

Date of the court's decision:  August 28, 07

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:  N/A

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
I did'NT Raise This issue on My Appeal Because I Never
KNEW THAT I Could Appeal To A High Court and By THE Time
I Was Able To Get To THE law labraay b. My Time Had Expired.

AO 241
(Rev. 12/04)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: N/A

## GROUND TWO: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. BERNSTINE (My Attorney) was Not Awared of My Case. I did Not Seem My Attorney until a month before My Trail was About to Start. When he finally Got to see him he had a Plea offera from the Start. (I said No). He ask me what kind of Defence I was Going to use at the Trail. My Attorney didn't wanted to investigate what had Happen on My Case. On the Day that the Trail suppost to start, that's when the Prosecutor Provide My Attorney with the (ME's) Report. In witch it was Provide late After the Court Granted an Extention on 10-30-06, and it was Due on 11-17-06, and yet it was Not Produce after 11-17-06. (First Violation) My Attorney didn't Prossed This Violation. The D.A. Never Produce My Attorney with the Interview that I had on the Day of my Arrest, until the Day of my Trail. In Witch. it was in Spanish & English And My Attorney dont Speak Spanis (Violation two). My Attorney didn't Do Nothing in his Power to Assist me in this Case.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

I Submitted a Post Conviction Motion on the Above Matter to the Superior Court on August 10, 07. And on August 28, 07 It was Denide. The Reason I didn't Apeal to the Supriem Court was becase: (1) I was Transfer to Another Intitution (2) It took this Intitution About 1½ month to Put my Name on the law labrary list. I didn't Know I had (30) Days to Apeal to the Supreme Court, In witch I was Never Told by Superior Court.

(c)    Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Motion

Name and location of the court where the motion or petition was filed:
Superior Court New Castle County

Docket or case number (if you know):

Date of the court's decision:
August 28, 2007

AO 241
(Rev. 12/04)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I DIDN'T RAISE THIS ISSUE ON MY APPEAL BECAUSE I NEVER KNEW THAT I COULD APPEAL TO A HIGH COURT AND BY THE TIME I WAS ABLE TO GET TO THE LAW LABRARY MY (30) DAYS HAD EXPIRED.

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two    N/A.

GROUND THREE:    COUNSEL INDUCED HIS GUILTY PLEA.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I WAS INDUCED BY MY ATTORNEY (MR. BURNSTINE TO TAKE THIS PLEA. ON FEBRUARY 13, 07, I WAS READY TO START TRAIL, I WANTED TO GO TO TRAIL WITH OR WITHOUT HIM. ON FEBRUARY 13, 07 WE PICK THE JURY. WITCH WAS SELECTED BY MY ATTORNEY. THE D.A. AND THE JUDGE. (NOT BY ME) AFTER THE JURY WAS SELECTED THERE WAS A (5) MINUTE RESET, SO I WAS ESCORET TO A HOLDING CELL. MY ATTORNEY CAME TO THE HOLDING CELL AND ADVISE ME TO TAKE THIS (10) YEARS THAT I WAS ONLY GOING TO DO WAS (7) YEARS. THAT IF WE PROSSED WE THIS TRAIL I WAS EXPOSING MYSELF TO A LIFE SENTENCE. HE ALSO TOID ME THAT WE DIDN'T HAD A SHOT, BECAUSE HAIF OF THE JURY KNOW MR. SILVA, AND THAT WHO DO I THINK THEY GOING TO BELIEVE ME OR HIM HE ALSO TOID ME THAT IF THEY FOUND ME GUILTY, THE STATE WILL SEEK AN HABITUL STATUS, AND THAT I ONLY HAD TWO MINUTE TO MAKE MY MIND. HE TOID EATHER WAY THEY WAS GOING TO FIND ME GUILTY. SO I DIDN'T HAD NO CHOISE. HE TOID ME TO PLEA TO (10) YEARS, BUT I WAS SENTENCE TO (25) YEARS.

AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?
I Submitted A Post Conviction Motion on the Above matter to the Superior Court on August 10, 07. It was Denide on August 28, 07. The reason I didnt Appeal to the Suprime Court was because: (1) I was Transfer to Another Inititution, (2) It took this Intitution About 1½ month to Add My Name a the law labeary list. I didnt Know I had (30) days To Appeal to the Suprime Court. In Witch I was Never Told by the Superior Court.

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Motion

Name and location of the court where the motion or petition was filed:
Superior Court New Castle County.

Docket or case number (if you know):

Date of the court's decision: August 28, 07

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I did'nt Raise This issue on My Appeal Because I Never KNEW THAT I Could Appeal To A High Court AND By THE Time I was Able To Get to THE law labrary My (30) days Had Expaired.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:**     N/A

**(a) Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

**(b) If you did not exhaust your state remedies on Ground Four, explain why:**

N/A

(c)     **Direct Appeal of Ground Four:**     N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?  N/A  ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:  N/A

(d)     **Post-Conviction Proceedings:**     N/A

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:  N/A

Type of motion or petition:

Name and location of the court where the motion or petition was filed:    N/A

Docket or case number (if you know):

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    N/A    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    N/A    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:    N/A

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:**

N/A

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☑ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: Mr. Raymond Armstrong
Public Defenders Office

(b) At arraignment and plea: ?

(c) At trial: Joseph M. Bernstein
800 N. King St. Suite 302, Wilmington De. 19801. (302-656-9850)

(d) At sentencing: Joseph M. Bernstein.

(e) On appeal:

(f) In any post-conviction proceeding: Josepth M. Bernstein

(g) On appeal from any ruling against you in a post-conviction proceeding: Joseph M. Bernstein.

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes     ☑ No .

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes     ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

AO 241
(Rev. 12/04)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: 1. I ASK THAT THIS COURT ALOUA ME TO DO A DRUG PROGRAM AS PART OF MY SENTENCE. 2. I ALSO ASK THIS COURT THAT AFTER COMPLEATION OF THE DRUG PROGRAM. THIS COURT CAN Modify MY SENTENCE AT THE JUDGE DESCRIPTION.

or any other relief to which petitioner may be entitled.

_Pro - Se_____

**Signature of Attorney (if any)**

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on    _12 / 4 / 07_    (month, date, year).

Executed (signed) on    _12 - 4 - 07_    (date).

_Emiliano Vazquez_____

**Signature of Petitioner**

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,        :

         Plaintiff,        :

                      :

v.        :        Cr. ID No. 0605015670-R1

EMILIANO VAZQUEZ,        :        *Federal Court.*

         Defendant.        :        *Suprime Court.*

Submitted:  August 10, 2007
Decided:  August 28, 2007

## ORDER

This 28th day of August, 2007, upon consideration of the defendant's motion for

postconviction relief and the responses of Brian Ahern for the State and Joseph M. Bernstein,

defense counsel, it appears that:

1.     On February 13, 2007, defendant, Emiliano Vazquez (Vazquez) pled guilty to one count

of Trafficking in Heroin (10-50 grams).

2.     On April 20, 2007, Vazquez was sentenced on the charge of Trafficking in Heroin to

Level V incarceration for twenty-five (25) years, suspended after serving ten (10) years,

followed by decreasing levels of probation; the first ten years is a mandatory sentence. As part

of the plea agreement, a *nolle prosequi* was entered on a separate case, # 0607017055, at

sentencing.

3.     Vazquez did not file a direct appeal of his conviction.

4.     On June 19, 2007, Vazquez filed this *pro se* motion for postconviction relief alleging that

he was induced by his attorney to take the plea, that his attorney did not do research regarding

his habitual offender status, and that his confession was coerced. I will address each of these

grounds for relief in turn.

5.      The first claim in Vazquez's Rule 61 motion is that he was induced by Mr. Bernstein to take the plea. He says: "I was induce [sic] by Mr. Bernsteine [sic] to take this plea he advise me that if I didn't take this plea that the State would find a habitual offender so I got scare [sic]."[1]

6.      Prior to the February 13, 2007 plea colloquy, Vazquez read and signed the Plea Agreement form which states that the "State will not seek sentencing per 11 Del. C. § 4214(a) and will seek 10 year minimum sentence."[2]  During the plea colloquy, the defendant's rights and options were explained to him by the prosecutor, Brian Ahern, his attorney, Joseph Bernstein, and the Court.

7.      During the plea colloquy Mr. Ahern stated:

> This is in the matter of State versus Emiliano Vazquez. This is actually for two separate cases; the other being set for trial on Thursday. Case number 0605015670 as well as 0607017055.
> The defendant has agreed to plead guilty to Count I of the first case I enumerated. Trafficking in Heroin. It's 10 to 50 grams. The State will enter a nolle prosequi on all remaining charges of both indictments, recommend a presentence investigation, and the State agrees not to seek sentencing pursuant to Section 4214(a) as a habitual offender. And the State agrees that it will seek the 10-year minimum mandatory sentence.[3]

8.      Mr. Bernstein then stated:

> Your Honor, this is Emiliano Vazquez. Mr. Vazquez is offering to plead guilty to one count of Trafficking in Heroin, 10 to 50 grams. I explained to Mr. Vazquez he doesn't have to plead guilty to anything; that he could have a trial, which was about to start momentarily. And he understands that if the Court accepts his plea, there won't be a trial. He's giving up all the trial rights that are listed on the guilty plea form. He also gives up the right to contest the admissibility of the statement he gave the police, or at least part of it. He understands that. He also understands that he is exposing himself to a maximum sentence of 25 years, a fine of $150,000, and a minimum mandatory sentence of 10 years in jail because of the weight of the drugs in this case.

---

[1] June 19, 2007, Motion for postconviction relief, docket # 30.
[2] February 13, 2007, Plea Agreement Form.
[3] February 13, 2007, Plea Colloquy Transcript, p. 2/Ln. 8-21.

I'm satisfied that Mr. Vazquez has given this matter a great deal of thought. I think he's making the correct decision. The time he would be looking at if he were to go to trial and be convicted in this case is 18 years minimum mandatory. He would also be facing the possibility of a habitual petition being filed against him, which the State is agreeing not to do in this case, and he would also be looking at a trial and an identical set of charges on Thursday.

I know in his mind 10 years is a very long time. He's no youngster. He's 40 years of age now. But when you place it against what he would be exposing himself to at trial, I think he's making a wise decision. I don't think anyone – certainly there's a lot of pressure on him in the sense that there's pressure on anyone when you're facing the choices that he's facing, but I don't think there's any undue pressure. I think he's given this matter a lot of thought.

I also explained to Mr. Vazquez that if the Court accepts this plea, he can't write the Judge tomorrow and say, "Hey, I made a mistake, I want to take the plea back." It can't happen. And he understands that. It's either fish or cut bait today.[4]

9.    Finally the Court took Vazquez step-by-step through everything both attorneys had just

stated:

> THE COURT:  Then let's talk about this plea. As you know, there are 14 people in the back room here ready to get started with the trial.
> THE DEFENDANT:  Yes ma'am.
> THE COURT:  So choosing to stop the process at this point is, of course, fine, you're permitted to do that, but you also have a choice to go to trial. It's going to be very, very clear down the road that you could have waited another five minutes, we would have brought the jury in, the case would have begun, and you would have had your trial. And you choose not to proceed that way; is that correct?
> THE DEFENDANT:  That's correct.
> THE COURT:  I have the plea agreement, the guilty plea form and the revocation of driver's license form. These three pieces of paper outline the obligations and the plea offer. Did you read these papers?
> THE DEFENDANT:  Yes, ma'am.
> THE COURT:  Did you discuss them with your attorney?
> THE DEFENDANT:  Yes, ma'am.
> THE COURT:  Do you understand everything they say?
> THE DEFENDANT:  Yes, ma'am.
> THE COURT:  And have you signed each of them?
> THE DEFENDANT:  Yes, ma'am.
> THE COURT:  Have you previously entered into a plea to a criminal offense?
> THE DEFENDANT:  Yes, ma'am.
> THE COURT:  So you understand why we're having this conversation?
> THE DEFENDANT:  Yes, ma'am.

[4] February 13, 2007, Plea Colloquy Transcript, p. 3/Ln. 5 – p. 5/Ln. 1.

> THE COURT: The plea agreement says that you will plead guilty to Count I in
> the indictment, which is Trafficking in Heroin, and that there will be a
> presentence investigation, which means that you will not be sentenced today;
> you'll be sentenced probably in a couple months. It also says that the State will
> not seek to have you sentenced as a habitual offender, which is a heightened level
> of penalty for people who have a history of prior convictions of a certain type.
> And apparently the State believes you were eligible for that, but will not pursue
> that. Do you understand that?
> THE DEFENDANT: Yes, ma'am.
> THE COURT:    You do understand, also, that there's a 10-year minimum
> mandatory sentence associated with this?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And unless there's an extremely unusual circumstance, you will
> serve a 10-year minimum mandatory at the very least because, as a judge
> sentencing you, there's no choice but to impose the minimum mandatory. Do you
> understand that as well?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: But it would also be legal to sentence you up to 25 years because
> the range of sentence that you're exposing yourself to with a plea to Trafficking at
> this level is 10-year minimum mandatory, maximum 25 years.
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Do you have any questions at all about any of that?
> THE DEFENDANT: No, ma'am.[5]

10.    Vazquez may not have liked the choice he was presented with, but he was fully aware

that he had the option of proceeding with trial and potentially being sentenced as a habitual

offender if found guilty and then facing identical charges in a second trial two days later, or

pleading guilty. He chose to plead guilty. Vazquez's claim that he was induced by his public

defender to take the plea is factually false and without merit.

11.    The second claim in Vazquez's Rule 61 motion is ineffective assistance of counsel.

Vazquez alleges that, "Mr. Bernsteine [sic] never did any reserch [sic] on my case to know that I

was never an habitul [sic] ofender [sic] I only have (2) conviction [sic] in the State of Del. (1)

1985 and (1) 2004."[6]

---

[5] February 13, 2007, Plea Colloquy Transcript, p. 5/Ln. 13 – p. 8/Ln. 12.

[6] June 19, 2007, Motion for postconviction relief, docket # 30.

12.    It is true that Vazquez only has two prior felony convictions in Delaware, however, he also has a felony conviction in New Jersey from 1994. The statute makes it very clear that it does not matter what state the prior felonies occurred in for the purpose of declaring someone a habitual offender. "Any person who has been 3 times convicted of a felony…under the laws of this State, and/or **any other state**, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal . . . ."[7] (emphasis supplied).

13.    Mr. Bernstein's response states:

> At the outset of representation, counsel reviewed the defendant's "rap sheet," which showed the following felony convictions in Delaware: (1) Case No. 0310012139, Possession/Delivery within 300 feet of a park, date of conviction: 9/7/04); (2) Robbery Second Degree, conviction date: 7/21/86. The defendant's out-of-state record showed a felony conviction in New Jersey on May 3, 1994.[8]

14.    The State filed a response to Vazquez's Rule 61 motion which states:

> As part of the State's "automatic" discovery response, the State provided a copy of the Attorney General's "Rap Sheet" as well as a copy of the NCIC report. (footnote omitted)    These combined documents reflect three prior felony convictions 1) Possession of a Controlled Substance Within 300 Feet of a Park (9/7/2004) 2) New Jersey conviction for Possession With Intent to Distribute a Controlled Substance (May 3, 1994) 3) Robbery 2nd Degree (7/21/86).    In addition, during plea negotiations counsel discussed the Defendant's eligibility to be sentenced as a habitual offender and whether the State would seek sentencing as such.[9]

15.    To prevail on a postconviction relief claim based on ineffective assistance of counsel, defendant is required to meet both prongs of the test set forth in *Strickland v. Washington*.[10] That is, a movant must show both "that counsel's representation fell below an objective standard

---

[7] 11 *Del. C.* § 4214(a).

[8] July 20, 2007, Response of Joseph M. Bernstein to defendant's motion for post-conviction relief, p. 2, docket # 37.

[9] August 6, 2007, State's response to defendant's motion for postconviction relief, p. 2, docket # 41.

[10] *Strickland v. Washington*, 466 U.S. 668.

of reasonableness," and "that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."[11]

16.    In this case it is unnecessary to apply the *Strickland* standard because the factual basis

underlying Vazquez's claim is false. Vazquez was eligible to be sentenced as a habitual

offender. Mr. Bernstein was aware of Vazquez's prior convictions and took steps to protect his

client from the consequences of that status.

17.    Vazquez's final claim is that his confession was coerced. Vazquez alleges that "I told

Mr. Bernsteine [sic] that on the nigth [sic] of my arrest I was under the influance [sic] of heroin.

I have [sic] done 8 bags when the police quation [sic] me. I dont [sic] remember what I said."[12]

18.    As Vazquez acknowledged by signing the Truth-In-Sentencing Guilty Plea Form, he

waived his right to challenge the voluntariness of his statement.[13] During the plea colloquy, the

Court informed Vazquez that by pleading guilty he was waiving his right to collaterally attack

the statements he made to police.

> THE COURT: And you also understand that the conversation that I've had with
> counsel earlier today about suppressing your statement, none of that matters after you
> enter a plea. None of the arguments that you could have made in your defense matter;
> they are all gone, they are all abandoned when you enter a plea.
> THE DEFENDANT: I understand that, ma'am.[14]

19.    In addition to the waiver, the defendant's argument is not supported by the facts.

Mr. Bernstein's response states:

> [T]he defendant's statements to the police in both cases were videotaped and were
> viewed by the defendant prior to his trial date. I do not recall whether the
> defendant told me he was 'high' when he made one or both statements. The
> videos themselves do not suggest that the defendant was impaired. Even if the

---

[11] *Id.* at 694.

[12] June 19, 2007, Motion for postconviction relief, docket # 30.

[13] *Grosvenor v. State*, 2006 WL 1765846 at *1 (Del. 2006) (citing *Downer v. State*, 543 A.2d 309, 311-12 (Del. 1988)) ("A voluntary guilty plea constitutes a waiver of any alleged defects or errors occurring prior to the entry of the plea.").

[14] February 13, 2007, Plea Colloquy Transcript, p. 9/Ln. 12-19.

[sic] was drug intoxicated, that fact standing alone would no [sic] be grounds to suppress his statements.[15]

20.    The State also addressed this claim in their response:

Defendant's third claim is that his confession in this matter was coerced as he had used 8 bags of heroin before his arrest. He fails to point to any credible evidence that this is the case. In preparation for trial, the State reviewed the defendant's audio/video recorded statement multiple times. At no point does the Defendant seem impaired in any way. On the contrary, he is alert and has detailed discussions with the Detectives, one of whom he is familiar with from previous dealings, in both Spanish and English.    Additionally, "drug and alcohol intoxication does not *per se* invalidate an otherwise proper waiver of a defendant's rights." A defendant merely needs to have "sufficient capacity to know what he is saying and to have voluntarily intended to say it." Even if the Defendant used narcotics prior to his arrest, that alone would not form the basis for relief, and this claim should be rejected.[16]  (citations omitted).

21.    There is no credible evidence that Vazquez was under the influence of heroin

when he made his statements to the police. He was not visibly impaired on the

audio/video recordings.

WHEREFORE, defendant's motion for post-conviction relief is DENIED.

IT IS SO ORDERED.

Judge Susan C. Del Pesco

Original to Prothonotary
xc:    Emiliano Vazquez
        Joseph M. Bernstein, Esquire
        Brian D. Ahern, Esquire

---

[15] July 20, 2007, Response of Joseph M. Bernstein to defendant's motion for post-conviction relief, p. 2, docket # 37.

[16] August 6, 2007, State's response to defendant's motion for postconviction relief, p. 2-3, docket # 41.