# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **EMILIANO VAZQUEZ,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 07-812-SLR |
| | : | |
| **MICHAEL DELOY**, Warden, and | : | |
| **JOSEPH R. BIDEN, III**, Attorney | : | |
| General of the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In February 2007, the petitioner, Emiliano Vazquez, pled guilty in Delaware Superior Court to trafficking in heroin (10-50 grams). *See* Superior Court Criminal Docket, ID 0605015670, Docket Item ("Crim. D.I.") 25. In April 2007, Superior Court sentenced Vazquez to twenty-five years of incarceration, suspended after ten mandatory years for decreasing levels of supervision. *See State v. Vazquez*, 2007 WL 2759486, *1 (Del. Super. Ct.). Vazquez did not appeal from his conviction or sentence. Instead, in June 2007, Vazquez moved *pro se* for postconviction relief.[1] Crim. D.I. 30. After considering Vazquez's postconviction motion, defense counsel's affidavit, the State's response, and Vazquez's response, Superior Court denied Vazquez's postconviction motion on August 28, 2007. *Vazquez*, 2007 WL 2759486 at *5. Vazquez did not appeal Superior Court's denial of his postconviction motion. There are no

---

[1] Vazquez moved for modification of his sentence on the same date. *See* Crim. D.I. 35. That motion was denied on August 3, 2007. Crim. D.I. 38.

additional pleadings docketed in Superior Court in this case. *See generally* Crim. Dkt.

Vazquez's federal habeas petition is dated December 4, 2007. D.I. 2.

Discussion

In his petition for federal habeas relief, Vazquez raises three grounds for relief: (1)

Vazquez's confession was coerced because he was under the influence of heroin at the time of his

statement to police; (2) ineffective assistance of counsel for failure to properly prepare the case

and for failure to object to the late production of discovery materials by the prosecutor; and (3)

defense counsel induced Vazquez to pled guilty by promising him that he would be sentenced to

only ten years. (D.I. 2 at 6-9). Vazquez's claims, however, are unavailing.

A state petitioner seeking federal habeas relief must exhaust remedies available in the

state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*,

455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34

F.3d 1237, 1241-42 (3d Cir. 1994). In order to demonstrate that a claim has been exhausted in

state court, a petitioner "must show that he presented each claim to the Delaware Supreme

Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993); *See also Picard*, 404 U.S. at

275; *Stevens v. Delaware Corr'l Center*, 295 F.3d 361, 369 (3d Cir. 2002); *Burkett v. Love*, 89

F.3d 135, 138 (3d Cir. 1996); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993). Vazquez did

not appeal from his conviction and sentence or from the denial of his postconviction motion.

Thus, Vazquez's claims, having never been presented to the Delaware Supreme Court, are

unexhausted. *See Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986).

Ordinarily, a failure to exhaust a claim results in dismissal of the habeas petition, *Rose v.*

*Lundy,* 455 U.S. 509 (1982), or a stay of the federal habeas proceedings to allow the prisoner to

exhaust state court remedies (*Rhines v. Weber*, 544 U.S. 269 (2005)). If, however, there is no

2

available state remedy, then Vazquez is excused from the exhaustion requirement with respect to these claims. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille*, 489 U.S. at 351-52. If Vazquez now tried to appeal from either his conviction or the denial of his postconviction motion, those appeals would be untimely. *See* DEL. SUPR. CT. R. 6(a)(ii), (iii). Failure to file a notice of appeal within the thirty-day time limit deprives the Delaware Supreme Court of jurisdiction to hear the appeal. *See Carr v. State*, 554 A.2d 778, 779 (Del. 1989). Vazquez was sentenced on April 20, 2007, and the Superior Court denied his postconviction motion on August 28, 2007. The state supreme court, therefore, would dismiss any appeal filed at this date for lack of jurisdiction. In addition, having raised his claims in his first state postconviction motion, if Vazquez now tried to raise these claims again in a second postconviction motion, the claims would be barred under Superior Court Criminal Rule 61(i)(4) as previously adjudicated. *See, e.g., McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 512 (D. Del. 2003). Reconsideration would not be warranted in the interest of justice because nothing in the record indicates subsequent legal developments affected the trial court's authority to convict or sentence Vazquez. *Id.* In addition, Vazquez's claims (other than his ineffectiveness of counsel claim) would also be barred under Criminal Rule 61(i)(3) for failure to have raised the claims on direct appeal of his conviction. *See id.* at 512-13. Vazquez has not alleged cause for his failure to appeal from his conviction. Consequently, Vazquez cannot overcome the procedural bar.

Thus, because there is no available state remedy, Vazquez is excused from the exhaustion requirement. *See Teague*, 489 U.S. at 297-98; *Castille*, 489 U.S. at 351-52; *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000); *Clark v. Pennsylvania*, 892 F.2d 1142, 1146-47 (3d Cir. 1989); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 454 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 804 (D. Del. 1997). Although deemed exhausted, such claims are still considered to be

procedurally barred. *Lines*, 208 F.3d at 160. Thus, because Vazquez procedurally defaulted his claims in the state courts, federal habeas review is barred unless he establishes cause for his procedural default in the state courts and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review his claims. *See Coleman*, 501 U.S. at 750-51; *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McLaughlin*, 270 F. Supp. 2d at 513. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice in this context, Vazquez "must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)); *Dawson*, 988 F. Supp. at 804-05.

Vazquez has alleged ignorance of the law as cause for his procedural default in the state courts. *See generally* D.I. 2. Vazquez's lack of legal knowledge, however, fails to constitute cause. *See White v. Carroll*, 416 F. Supp. 2d 270, 282 (D. Del. 2006). "Generally, 'cause' cannot be based on the mere inadvertence of the petitioner or the petitioner's counsel to take an appeal." *Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir. 2002). In the absence of cause, this Court is not required to address the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986); *White*, 416 F. Supp. 2d at 282. Moreover, the miscarriage of justice exception does not apply because Vazquez has not presented any new evidence to establish his actual innocence. *See Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004) (holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new

reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--- that was not presented at trial.").

In any case, Vazquez cannot demonstrate prejudice. As to the petitioner's claim that his confession was coerced because he was under the influence of heroin at the time, the record does not support his claim. Vazquez's defense counsel, the prosecutor, and the trial court all found no evidence that Vazquez was under the influence of heroin when he made his statement to police. *E.g., United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995). In any case, Vazquez waived his right to challenge his statement by pleading guilty. *E.g., United States v. Schweitzer*, 454 F.3d 197, 205 (3d Cir. 2006). As to his ineffective assistance of counsel claim, Vazquez failed to even allege prejudice from the alleged derelictions of his counsel. Counsel's affidavit makes clear that Vazquez made statements incriminating himself in two drug cases. As noted above, the videotaped statements did not evidence any basis for a motion to suppress. Finally, Vazquez's claim that his counsel "induced" him to plead guilty is without merit. At the plea colloquy, defense counsel stated that Vazquez would be "exposing himself to a maximum sentence of 25 years, a fine of $150,000, and a minimum mandatory sentence of 10 years in jail because of the weight of the drugs in this case." *Vazquez*, 2007 WL 2759486 at *1 (quoting from the plea colloquy transcript). Vazquez acknowledged that he understood the plea agreement and he understood that he could be sentenced to twenty-five years in prison. *Id*. at *2-3. Thus, because Vazquez has failed to demonstrate either cause for or prejudice from his failure to exhaust his claims in state court, his petition should be dismissed.

### Conclusion

Based upon the Superior Court docket sheet, it appears that the transcript of Vazquez's plea colloquy (February 13, 2007) has been prepared. In the normal course of business,

Vazquez's sentencing (April 20, 2007) would have been recorded, but the transcript does not appear to have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court. The affidavit of petitioner's trial counsel in response to allegations of ineffective assistance of counsel raised in Vazquez's postconviction motion was docketed on July 20, 2007.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Del. Bar. ID No. 3759
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
elizabeth.mcfarlan@state.de.us

Date:  April 18, 2008

Westlaw.

Not Reported in A.2d                                                                    Page 1
Not Reported in A.2d, 2007 WL 2759486 (Del.Super.)
**(Cite as: Not Reported in A.2d, 2007 WL 2759486)**

State v. Vazquez
Del.Super.,2007.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Delaware,New Castle County.
STATE of Delaware, Plaintiff,
v.
Emiliano VAZQUEZ, Defendant.
**Cr. ID No. 0605015670-R1.**

Submitted: Aug. 10, 2007.
Decided: Aug. 28, 2007.

**ORDER**

SUSAN C. DEL PESCO, Judge.
*1 This 28th day of August, 2007, upon considera-
tion of the defendant's motion for postconviction
relief and the responses of Brian Ahern for the
State and Joseph M. Bernstein, defense counsel, it
appears that:

1. On February 13, 2007, defendant, Emiliano
Vazquez (Vazquez) pled guilty to one count of
Trafficking in Heroin (10-50 grams).

2. On April 20, 2007, Vazquez was sentenced on
the charge of Trafficking in Heroin to Level V in-
carceration for twenty-five (25) years, suspended
after serving ten (10) years, followed by decreasing
levels of probation; the first ten years is a mandat-
ory sentence. As part of the plea agreement, a *nolle
prosequi* was entered on a separate case, #
0607017055, at sentencing.

3. Vazquez did not file a direct appeal of his con-
viction.

4. On June 19, 2007, Vazquez filed this *pro se* mo-
tion for postconviction relief alleging that he was
induced by his attorney to take the plea, that his at-

torney did not do research regarding his habitual of-
fender status, and that his confession was coerced. I
will address each of these grounds for relief in turn.

5. The first claim in Vazquez's Rule 61 motion is
that he was induced by Mr. Bernstein to take the
plea. He says: "I was induce [sic] by Mr. Bernsteine
[sic] to take this plea he advise me that if I didn't
take this plea that the State would find a habitual
offender so I got scare [sic]."[FN1]

> FN1. June 19, 2007, Motion for postcon-
> viction relief, docket # 30.

6. Prior to the February 13, 2007 plea colloquy,
Vazquez read and signed the Plea Agreement form
which states that the "State will not seek sentencing
per 11 Del. C. § 4214(a) and will seek 10 year min-
imum sentence."[FN2]During the plea colloquy, the
defendant's rights and options were explained to
him by the prosecutor, Brian Ahern, his attorney,
Joseph Bernstein, and the Court.

> FN2. February 13, 2007, Plea Agreement
> Form.

7. During the plea colloquy Mr. Ahern stated:

> This is in the matter of State versus Emiliano
> Vazquez. This is actually for two separate cases;
> the other being set for trial on Thursday. Case
> number 0605015670 as well as 0607017055.

> The defendant has agreed to plead guilty to
> Count I of the first case I enumerated. Trafficking
> in Heroin. It's 10 to 50 grams. The State will
> enter a nolle prosequi on all remaining charges of
> both indictments, recommend a presentence in-
> vestigation, and the State agrees not to seek sen-
> tencing pursuant to Section 4214(a) as a habitual
> offender. And the State agrees that it will seek
> the 10-year minimum mandatory sentence.[FN3]

> FN3. February 13, 2007, Plea Colloquy

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2007 WL 2759486 (Del.Super.)
(Cite as: Not Reported in A.2d, 2007 WL 2759486)

Page 2

Transcript, p. 2/Ln. 8-21.

8. Mr. Bernstein then stated:

Your Honor, this is Emiliano Vazquez. Mr. Vazquez is offering to plead guilty to one count of Trafficking in Heroin, 10 to 50 grams. I explained to Mr. Vazquez he doesn't have to plead guilty to anything; that he could have a trial, which was about to start momentarily. And he understands that if the Court accepts his plea, there won't be a trial. He's giving up all the trial rights that are listed on the guilty plea form. He also gives up the right to contest the admissibility of the statement he gave the police, or at least part of it. He understands that. He also understands that he is exposing himself to a maximum sentence of 25 years, a fine of $150,000, and a minimum mandatory sentence of 10 years in jail because of the weight of the drugs in this case.

*2 I'm satisfied that Mr. Vazquez has given this matter a great deal of thought. I think he's making the correct decision. The time he would be looking at if he were to go to trial and be convicted in this case is 18 years minimum mandatory. He would also be facing the possibility of a habitual petition being filed against him, which the State is agreeing not to do in this case, and he would also be looking at a trial and an identical set of charges on Thursday.

I know in his mind 10 years is a very long time. He's no youngster. He's 40 years of age now. But when you place it against what he would be exposing himself to at trial, I think he's making a wise decision. I don't think anyone-certainly there's a lot of pressure on him in the sense that there's pressure on anyone when you're facing the choices that he's facing, but I don't think there's any undue pressure. I think he's given this matter a lot of thought.

I also explained to Mr. Vazquez that if the Court accepts this plea, he can't write the Judge tomorrow and say, "Hey, I made a mistake, I

want to take the plea back."It can't happen. And he understands that. It's either fish or cut bait today.[FN4]

FN4. February 13, 2007, Plea Colloquy Transcript, p. 3/Ln. 5-p. 5/Ln. 1.

9. Finally the Court took Vazquez step-by-step through everything both attorneys had just stated:

THE COURT: Then let's talk about this plea. As you know, there are 14 people in the back room here ready to get started with the trial.

THE DEFENDANT: Yes ma'am.

THE COURT: So choosing to stop the process at this point is, of course, fine, you're permitted to do that, but you also have a choice to go to trial. It's going to be very, very clear down the road that you could have waited another five minutes, we would have brought the jury in, the case would have begun, and you would have had your trial. And you choose not to proceed that way; is that correct?

THE DEFENDANT: That's correct.

THE COURT: I have the plea agreement, the guilty plea form and the revocation of driver's license form. These three pieces of paper outline the obligations and the plea offer. Did you read these papers?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you discuss them with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand everything they say?

THE DEFENDANT: Yes, ma'am.

THE COURT: And have you signed each of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2007 WL 2759486 (Del.Super.)
(Cite as: Not Reported in A.2d, 2007 WL 2759486)

Page 3

them?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you previously entered into a plea to a criminal offense?

THE DEFENDANT: Yes, ma'am.

THE COURT: So you understand why we're having this conversation?

THE DEFENDANT: Yes, ma'am.

THE COURT: The plea agreement says that you will plead guilty to Count I in the indictment, which is Trafficking in Heroin, and that there will be a presentence investigation, which means that you will not be sentenced today; you'll be sentenced probably in a couple months. It also says that the State will not seek to have you sentenced as a habitual offender, which is a heightened level of penalty for people who have a history of prior convictions of a certain type. And apparently the State believes you were eligible for that, but will not pursue that. Do you understand that?

*3 THE DEFENDANT: Yes, ma'am.

THE COURT: You do understand, also, that there's a 10-year minimum mandatory sentence associated with this?

THE DEFENDANT: Yes, ma'am.

THE COURT: And unless there's an extremely unusual circumstance, you will serve a 10-year minimum mandatory at the very least because, as a judge sentencing you, there's no choice but to impose the minimum mandatory. Do you understand that as well?

THE DEFENDANT: Yes, ma'am.

THE COURT: But it would also be legal to sentence you up to 25 years because the range of sentence that you're exposing yourself to with a plea to Trafficking at this level is 10-year minim-

um mandatory, maximum 25 years.

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any questions at all about any of that?

THE DEFENDANT: No, ma'am.[FN5]

> FN5. February 13, 2007, Plea Colloquy Transcript, p. 5/Ln. 13–p. 8/Ln. 12.

10. Vazquez may not have liked the choice he was presented with, but he was fully aware that he had the option of proceeding with trial and potentially being sentenced as a habitual offender if found guilty and then facing identical charges in a second trial two days later, or pleading guilty. He chose to plead guilty. Vazquez's claim that he was induced by his public defender to take the plea is factually false and without merit.

11. The second claim in Vazquez's Rule 61 motion is ineffective assistance of counsel. Vazquez alleges that, "Mr. Bernsteine [sic] never did any reserch [sic] on my case to know that I was never an habitul [sic] ofender [sic] I only have (2) conviction [sic] in the State of Del. (1) 1985 and (1) 2004."[FN6]

> FN6. June 19, 2007, Motion for postconviction relief, docket # 30.

12. It is true that Vazquez only has two prior felony convictions in Delaware, however, he also has a felony conviction in New Jersey from 1994. The statute makes it very clear that it does not matter what state the prior felonies occurred in for the purpose of declaring someone a habitual offender. "Any person who has been 3 times convicted of a felony ... under the laws of this State, and/or **any other state,** United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal ...." [FN7] (emphasis supplied).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2007 WL 2759486 (Del.Super.)
**(Cite as: Not Reported in A.2d, 2007 WL 2759486)**

FN7.11 *Del. C.* § 4214(a).

13. Mr. Bernstein's response states:

At the outset of representation, counsel reviewed the defendant's "rap sheet," which showed the following felony convictions in Delaware: (1) Case No. 0310012139, Possession/Delivery within 300 feet of a park, date of conviction: 9/7/04); (2) Robbery Second Degree, conviction date: 7/21/86. The defendant's out-of-state record showed a felony conviction in New Jersey on May 3, 1994.[FN8]

> FN8. July 20, 2007, Response of Joseph M. Bernstein to defendant's motion for post-conviction relief, p. 2, docket # 37.

14. The State filed a response to Vazquez's Rule 61 motion which states:

As part of the State's "automatic" discovery response, the State provided a copy of the Attorney General's "Rap Sheet" as well as a copy of the NCIC report. (footnote omitted) These combined documents reflect three prior felony convictions 1) Possession of a Controlled Substance Within 300 Feet of a Park (9/7/2004) 2) New Jersey conviction for Possession With Intent to Distribute a Controlled Substance (May 3, 1994) 3) Robbery 2nd Degree (7/21/86). In addition, during plea negotiations counsel discussed the Defendant's eligibility to be sentenced as a habitual offender and whether the State would seek sentencing as such.[FN9]

> FN9. August 6, 2007, State's response to defendant's motion for postconviction relief, p. 2, docket # 41.

*4 15. To prevail on a postconviction relief claim based on ineffective assistance of counsel, defendant is required to meet both prongs of the test set forth in *Strickland v. Washington.*[FN10]That is, a movant must show both "that counsel's representa-

tion fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[FN11]

> FN10.*Strickland v. Washington,* 466 U.S. 668.

> FN11.*Id.* at 694.

16. In this case it is unnecessary to apply the *Strickland* standard because the factual basis underlying Vazquez's claim is false. Vazquez was eligible to be sentenced as a habitual offender. Mr. Bernstein was aware of Vazquez's prior convictions and took steps to protect his client from the consequences of that status.

17. Vazquez's final claim is that his confession was coerced. Vazquez alleges that "I told Mr. Bernsteine [sic] that on the nigth [sic] of my arrest I was under the influance [sic] of heroin. I have [sic] done 8 bags when the police quation [sic] me. I dont [sic] remember what I said."[FN12]

> FN12. June 19, 2007, Motion for postconviction relief, docket # 30.

18. As Vazquez acknowledged by signing the Truth-In-Sentencing Guilty Plea Form, he waived his right to challenge the voluntariness of his statement.[FN13] During the plea colloquy, the Court informed Vazquez that by pleading guilty he was waiving his right to collaterally attack the statements he made to police.

> FN13.*Grosvenor v. State,* 2006 WL 1765846 at * 1 (Del.2006) (citing *Downer v. State,* 543 A.2d 309, 311-12 (Del.1988)) ("A voluntary guilty plea constitutes a waiver of any alleged defects or errors occurring prior to the entry of the plea.").

THE COURT: And you also understand that the conversation that I've had with counsel earlier today about suppressing your statement, none of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2007 WL 2759486 (Del.Super.)
**(Cite as: Not Reported in A.2d, 2007 WL 2759486)**

that matters after you enter a plea. None of the arguments that you could have made in your defense matter; they are all gone, they are all abandoned when you enter a plea.

THE DEFENDANT: I understand that, ma'am.FN14

> FN14. February 13, 2007, Plea Colloquy Transcript, p. 9/Ln. 12-19.

19. In addition to the waiver, the defendant's argument is not supported by the facts. Mr. Bernstein's response states:

> [T]he defendant's statements to the police in both cases were videotaped and were viewed by the defendant prior to his trial date. I do not recall whether the defendant told me he was 'high' when he made one or both statements. The videos themselves do not suggest that the defendant was impaired. Even if the [sic] was drug intoxicated, that fact standing alone would no [sic] be grounds to suppress his statements.FN15

> FN15. July 20, 2007, Response of Joseph M. Bernstein to defendant's motion for post-conviction relief, p. 2, docket # 37.

20. The State also addressed this claim in their response:

> Defendant's third claim is that his confession in this matter was coerced as he had used 8 bags of heroin before his arrest. He fails to point to any credible evidence that this is the case. In preparation for trial, the State reviewed the defendant's audio/video recorded statement multiple times. At no point does the Defendant seem impaired in any way. On the contrary, he is alert and has detailed discussions with the Detectives, one of whom he is familiar with from previous dealings, in both Spanish and English. Additionally, "drug and alcohol intoxication does not *per se* invalidate an otherwise proper waiver of a defendant's

rights."A defendant merely needs to have "sufficient capacity to know what he is saying and to have voluntarily intended to say it."Even if the Defendant used narcotics prior to his arrest, that alone would not form the basis for relief, and this claim should be rejected.FN16(citations omitted).

> FN16. August 6, 2007, State's response to defendant's motion for postconviction relief, p. 2-3, docket # 41.

*5 21. There is no credible evidence that Vazquez was under the influence of heroin when he made his statements to the police. He was not visibly impaired on the audio/video recordings.

WHEREFORE, defendant's motion for post-conviction relief is DENIED.

IT IS SO ORDERED.

Del.Super.,2007.
State v. Vazquez
Not Reported in A.2d, 2007 WL 2759486 (Del.Super.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I electronically filed an answer to the petitioner's habeas petition with the Clerk of Court using CM/ECF.  I also hereby certify that on April 18, 2008, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Emiliano Vazquez
SBI No. 181646
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

/s/Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us