IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EMILIANO VAZQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-812-SLR |
| | ) | |
| MICHAEL DELOY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE | ) | |
| | ) | |
| Respondents. | ) | |

---

Emiliano Vazquez. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

November 13, 2008
Wilmington, Delaware

**ROBINSON**, District Judge

## I. INTRODUCTION

Presently before the court is petitioner Emiliano Vazquez's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner is a Delaware inmate in custody at the Sussex Correctional Institution in Georgetown, Delaware. For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 2007, petitioner entered a guilty plea in the Delaware Superior Court to one count of trafficking in heroin (10-50 grams). In April 2007, the Superior Court sentenced petitioner to twenty-five years of incarceration at Level V, suspended after serving a mandatory ten years for decreasing levels of supervision. *See State v. Vazquez*, 2007 WL 2759486, at *1 (Del. Super. Ct. 2007). Petitioner did not appeal his conviction or sentence.

In June 2007, acting pro se, petitioner filed a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 and a motion for modification of sentence. The Superior Court denied the motion for modification of sentence on August 3, 2007. On August 28, 2007, after considering petitioner's Rule 61 motion, defense counsel's Rule 61 affidavit, the State's response, and petitioner's response, the Superior Court denied the Rule 61 motion as meritless. *Vazquez*, 2007 WL 2759486, at *5. Petitioner did not appeal the Superior Court's decision.

Petitioner filed his habeas application in December 2007, and the State filed its answer in April 2008. (D.I. 2; D.I. 12)

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). However, a federal district court must excuse a petitioner's failure to exhaust state remedies if state procedural rules bar the petitioner from returning to state courts to obtain further relief for his claims; in other words, the claims are deemed exhausted because there is an "absence of an available State corrective process." 28 U.S.C. 2254(b); *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are nonetheless procedurally defaulted, and a federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual

prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *Lines,* 208 F.3d at 160; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Id.* at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Petitioner's timely filed application presents the following three claims for relief: (1) petitioner was under the influence of heroin at the time of his statement to the police and, therefore, his confession was coerced; (2) defense counsel provided ineffective assistance by failing to properly prepare the case and by failing to object to the late production of discovery materials by the prosecutor; and (3) defense counsel induced petitioner to plead guilty by promising him that he would only have to serve seven years of the ten year sentence, and also by informing petitioner that he would be exposing himself to a possible life sentence if he did not accept the plea agreement. (D.I. 2, at pp. 6-9) The State contends that the court should deny all three claims as procedurally barred. (D.I. 12)

Petitioner did not file a direct appeal in the Delaware Supreme Court. Although petitioner did raise all three habeas claims to the Delaware Superior Court during his Rule 61 proceeding, he did not appeal the denial of his Rule 61 motion to the Delaware Supreme Court. Therefore, petitioner has not exhausted state remedies for any of his three claims.

At this juncture, Delaware court rules would bar petitioner from obtaining further review of the three claims in the Delaware State Courts.[1] As a result, the court must

---

[1]For example, any attempt by petitioner to appeal his conviction or the denial of his Rule 61 motion at this point in time would be time-barred by Delaware Supreme Court Rule 6(a)(ii) and (iii). Additionally, Delaware Superior Court Criminal Rules 61(i)(3) and (4) would bar petitioner from presenting the claims to the Delaware state courts in a new Rule 61 motion, thereby precluding petitioner from obtaining review of the claims in any subsequent appeal to the Delaware Supreme Court. *See White v. Carroll*, 416 F. Supp. 2d 270, 281(D. Del. 2006)(Rule 61(i)(4) bars any ground for relief that was previously asserted in a prior proceeding, unless reconsideration is warranted

treat the claims as exhausted but procedurally defaulted, thereby precluding the court from reviewing the claims on their merits absent a showing of cause and prejudice, or a miscarriage of justice.

Petitioner has not alleged any cause for his failure to raise claims one and three on direct appeal.[2] In turn, petitioner's assertion that his ignorance of the law should excuse his failure to raise all three claims on post-conviction appeal fails to constitute cause for his default because, as a general rule, "cause cannot be based on the mere inadvertence of the petitioner or the petitioner's counsel to take an appeal." *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002).

Given petitioner's failure to establish cause for his default of claims one, two, and three, the court does not need to address the issue of prejudice. Moreover, the miscarriage of justice exception to the procedural default doctrine does not excuse petitioner's default because he has not provided new reliable evidence of his actual innocence. Accordingly, the court will dismiss claims one, two, and three as procedurally barred.

---

in the interest of justice); *Bright v. Snyder*, 218 F. Supp. 2d 573, 580 (D. Del. 2002)(Rule 61(i)(3) would bar the Superior Court from considering the claim because petitioner did not raise the claim in the proceedings leading to his conviction).

[2]Claim two alleges ineffective assistance of counsel. In Delaware, ineffective assistance of counsel claims must first be presented to the Delaware Superior Court in a Rule 61 motion for post-conviction review, not on direct appeal. *See Webster v. Kearney*, 2006 WL 572711, at *4 (D. Del. Mar. 8, 2006); *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990). Therefore, to satisfy the exhaustion requirement for claim two, petitioner would have had to present the claim to the Delaware Supreme Court on post-conviction appeal, not on direct appeal.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, a certificate of appealability will not be issued.

## VI. CONCLUSION

For foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.